IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TOMMY LEE RADFORD                                              PLAINTIFF
ADC #089900

v.                          No: 4:22-cv-00591-KGB-PSH

ANGELA JENKINS                                                 DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Tommy Lee Radford filed a *pro se* complaint on June 24, 2022, while incarcerated at the Arkansas Division of Correction's Cummins Unit (Doc. No. 2).[1]

---

[1] Radford is now incarcerated at the Arkansas Division of Correction's East Arkansas Regional Unit. *See* Doc. No. 8.

Radford filed a First Amended Complaint on August 12, 2022 (Doc. No. 6). On October 12, 2022, Radford moved to amend his complaint a second time and was allowed to do so (Doc. No. 13).[2] Radford's proposed amended complaint was then docketed as his Second Amended Complaint on October 27, 2022 (Doc. No. 14). After screening, Radford was allowed to proceed with his claim that defendant Angela Jenkins retaliated against him by threatening to (1) have him killed if he filed a lawsuit against her; and (2) have his grievances rejected and dismissed, after he told her he intended to file a grievance against her related to the confiscation of his property. *See* Doc. Nos. 19 & 32. His other claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. Doc. No. 32.

Before the Court is a motion for summary judgment, a brief in support, and a statement of undisputed material facts filed by Jenkins claiming that Radford did not exhaust available administrative remedies with respect to his claims against her before he filed this lawsuit (Doc. Nos. 41-43, 57). Radford filed a response and affidavit in response (Doc. Nos. 58-59). Although notified of his opportunity to do so (Doc. No. 44), Radford did not file a separate statement of disputed facts. Accordingly, Jenkins' statement of undisputed material facts, Doc. No. 42, is

---

[2] Between filing his original complaint on June 24, 2022, and his proposed Second Amended Complaint in October, Radford was repeatedly instructed to narrow his claims to related incidents if he continued to sue multiple defendants. *See* Doc. Nos. 3 & 11.

deemed admitted.³  *See* Local Rule 56.1(c).  In addition, the Court finds that the documents and testimony offered by Jenkins establish there is no genuine dispute of material fact for a jury to decide.  Thus, for the reasons described below, the undersigned recommends that Jenkins' motion for summary judgment be granted.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but instead must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents,

---

³ Legal conclusions contained in Jenkins' statement of facts are not deemed admitted.

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

Jenkins argues that she is entitled to summary judgment on Radford's claims because Radford failed to exhaust all available administrative remedies against her before he filed this lawsuit. In support of her motion, Jenkins submitted the declaration of Terri Grigsby-Brown, the ADC's inmate grievance supervisor (Doc. No. 57); the applicable ADC grievance policy (Doc. No. 57-1); a copy of Grievance EAM22-01746 (Doc. No. 57-2); a copy of Grievance EAM22-01772 (Doc. No. 57-3); a copy of Grievance EAM22-02411 (Doc. No. 57-4); a copy of Grievance

EAM22-02478 (Doc. No. 57-5); and a copy of Grievance EAM22-02479 (Doc. No. 57-6).

### A.   *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014).  Exhaustion under the PLRA is mandatory.  *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The PLRA does not prescribe the manner in which exhaustion occurs.  *See Jones v. Bock*, 549 U.S. at 218.  It merely requires compliance with prison grievance procedures to properly exhaust.  *See id*.  Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy.  *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure.  *See* Doc. No. 57-1 at 5.  To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form

(Attachment I) within 15 days after the occurrence of the incident. *Id.* at 6. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 5. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 6. A problem solver or staff member holding the rank of sergeant or above can collect the grievance and return the yellow and pink copies of the grievance to the inmate as receipts. *Id.* at 7. The problem solver or staff member investigates the complaint, and may attempt to resolve the complaint by meeting with the inmate or taking certain other steps, but ultimately must provide a written response at the bottom of the form. *Id.* at 7-8. If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit either the pink or yellow copy of his Unit Level Grievance Form as a formal grievance. *Id.* at 8. The inmate retains either the pink or yellow copy, whichever he did not submit for Step Two. *Id.* at 9. If a formal grievance is medical in nature, it is assigned a code and forwarded to the appropriate medical personnel for response. *Id.* at 10.

The inmate should receive a Response to the Unit Level Grievance Form (Attachment III or IV depending on whether the grievance is medical in nature), or an Acknowledgement or Rejection of Unit Level Grievance (Attachment II). *Id.* at

10-11. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can then appeal to the Deputy Director. *Id.* at 12. An inmate's appeal must be written in the space provided on the Response to Unit Level Grievance Form (Attachment III or IV) or the Acknowledgment or Rejection of Unit Level Grievance (Attachment II). *Id.* at 12. The inmate must include the original Unit Level Grievance Form (Attachment I) and either the Response to Unit Level Grievance Form (Attachment III or IV) or the Acknowledgement or Rejection of the Unit Level Grievance (Attachment II) with his appeal. *Id.* If an inmate fails to submit either of the two pages with his appeal, the appeal may be returned to the inmate as rejected. *Id.* Once the Deputy Director responds or the appeal is rejected, the grievance process is complete. *Id.* at 13. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 14. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

**B.     *Relevant Grievances & Exhaustion of Radford's Claims***

According to Radford's grievance appeal file, Radford submitted two grievances concerning defendant Jenkins between August 1, 2022,[4] and October 27,

---

[4] Radford alleges that Jenkins threatened to retaliate against him on September 1, 2022. *See* Doc. No. 14 at 5. The earliest date he complains of in his Second Amended Complaint is August 25, 2022. *Id.*

2022 (the date his Second Amended Complaint was docketed).[5] *See Declaration of Terri Grigsby-Brown* (Doc. No. 57 at ¶¶ 33-35); Doc. No. 57-2 (EAM22-01746 submitted on September 8, 2022); and Doc. No. 57-3 (EAM22-01772 submitted on September 13, 2022).[6] However, neither of these grievances describe his claim that Jenkins threatened to retaliate against him if he filed more lawsuits or grievances.

In grievance EAM22-01746, Radford complained that his property was taken on August 25, 2022, and alleged that Jenkins told him he could not "prosecute A.D.C. officials if [he's] not able to communicate with the court w/out any legal property." *Id.* at 4. Radford's appeal of this grievance was rejected for procedural reasons. *Id.* at 6 (stating that he did not complete a necessary attachment). Radford argues it was wrongfully rejected in his response. *See* Doc. No. 58 at 1-2. Whether or not the appeal was wrongfully rejected is not material because this grievance does not describe Radford's complaint allegations that Jenkins threatened to have him killed if he filed a lawsuit against her or that she threatened to have his grievances rejected and dismissed. It is a grievance about the loss of his property, and Radford's

---

[5] The Court normally uses the date of filing of the original complaint for exhaustion purposes, but Radford did not raise his claims against Jenkins until his Second Amended Complaint while he abandoned other claims in his original lawsuit. The Court therefore uses the date of his Second Amended Complaint for this exhaustion analysis.

[6] Radford does not maintain that he submitted any other relevant grievances; the only additional grievance he submitted with his response is the step one portion of a grievance submitted in June 2023, long after this case was initiated (Doc. No. 58 at 23).

property claims have been dismissed. *See* Doc. Nos. 19 & 32.

Likewise, Radford complained that Jenkins mishandled his property in grievance EAM22-01772. *See* Doc. No. 57-3 at 3. He made no mention of any threats or retaliation by Jenkins. Additionally, Radford did not complete the grievance process with respect to EAM22-01772 before he filed his Second Amended Complaint. The appeal response was not issued until November 4, 2022. *Id.* at 7. The Eighth Circuit Court of Appeals has held that exhaustion of administrative remedies must occur before a lawsuit is filed. *See generally Johnson v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003).[7] And to satisfy the PLRA's exhaustion requirement, a prisoner must pursue "the prison grievance process to its final stage." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).[8] Accordingly, grievance EAM22-1772 could not serve to exhaust Radford's claims against Jenkins even if he had described his complaint allegations against her.[9] *Id.* at 7.

---

[7] *See also Tyler v. Kelley*, No. 5:17CV00239-JLH-JTK, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018); *Dunahue v. Bolden*, No. 5:16CV00105 BSM/JTR, 2016 WL 7650673, at *2 (E.D. Ark. Dec. 19, 2016).

[8] *See also King v. Iowa Dep't of Corrs.*, 598 F.3d 1051, 1053 (8th Cir. 2010) (finding inadequate exhaustion when a prisoner failed to complete all steps of the prison's grievance procedure).

[9] Radford argues in his affidavit that Jenkins' daughter, Arielle Jenkins, was involved in processing this grievance and intentionally delayed it. *See* Doc. No. 59.

Radford's grievance appeal file included three other grievances that named Jenkins (and alleged retaliation by her), but those grievances were all submitted *after* he filed his Second Amended Complaint and therefore cannot serve to exhaust his claims in this case. *See* Doc. No. 57-4 (EAM22-02411 submitted on November 21, 2022); Doc. No. 57-5 (EAM22-02478 submitted on December 7, 2022); and Doc. No. 57-6 (EAM22-02479 submitted on December 7, 2022).

## IV.  Conclusion

As explained herein, Radford did not submit and complete the full grievance process with respect to a grievance describing his complaint allegations against Jenkins before his Second Amended Complaint was filed. Accordingly, Jenkins' motion for summary judgment (Doc. No. 41) should be granted and Radford's claims against Jenkins be dismissed without prejudice for failure to exhaust administrative remedies.

IT IS SO RECOMMENDED this 26th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE